**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES SVED, | Case No. 1:25-cv-01914 JLT SAB |
| Plaintiff, | ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER |
| v. | (Doc. 7) |
| ARAMARK SERVICES, INC., and DOES 1-20, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff filed this action *pro se* on December 11, 2025, in Mariposa County Superior Court, alleging, among other things, that he was terminated in retaliation for complaining about unsafe conditions in workplace housing maintained by Defendants and for requesting medical and/or housing-related accommodations for his spouse, who was injured in or near their workplace housing. (*See generally* Doc. 1-2.) On December 17, 2025, Defendants removed the case to this Court based on diversity jurisdiction. (Doc. 1.) On December 18, 2025, Plaintiff filed a motion for a temporary restraining order (TRO), seeking (1) "an immediate stay [of] enforcement of the December 30, 2025 move-out deadline imposed on Plaintiff and Plaintiff's spouse"; (2) that Defendants be required to pay for temporary housing accommodations for Plaintiff's spouse through late January 2026 and temporary "corporate or extended-stay" housing

for up to 60 days in a location with reasonable access to medical care; and (3) that Defendants reimburse Plaintiff for housing-related expenses incurred as a result of Defendants' "failure to timely provide ADA-appropriate housing following the injury." (Doc. 7 at 2.)

For the reasons set forth below, the Court finds that, on the present record, Plaintiffs have not established irreparable injury sufficient to justify emergency injunctive relief. The Court therefore **DENIES** the TRO request[1] without prejudice.

## II.   STANDARD OF DECISION

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (explaining that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). When seeking a TRO or PI, plaintiffs must establish: (1) they are "likely to succeed on the merits" of their claims, (2) they are "likely to suffer irreparable harm in the absence of a preliminary injunction," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden to "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Thus, the moving party has "the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Hecox v. Little*, 104 F.4th 1061, 1073 (9th Cir. 2023). The Court may weigh the request for a preliminary injunction with a sliding-scale approach. *Alliance*, at 1135 (9th Cir. 2011). Accordingly, a stronger showing on the balance of hardships may support the issuance of a preliminary injunction where there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. Preliminary injunctions are intended "merely to preserve the relative positions of the parties until a trial on the merits can be held, and to balance the equities as the litigation moves forward." *Lackey v. Stinnie*, 604 U.S. 192, 201 (2025)

---

[1] "A district court is not required to hold an evidentiary hearing before denying a motion seeking a preliminary injunction or TRO." *Manago v. McMahon*, No. 5:21-CV-01370 MCS (KES), 2022 WL 2235479, at *2 (C.D. Cal. Jan. 18, 2022) (citing *Kenneally v. Lungren*, 967 F.2d 329, 334–35 (9th Cir. 1992)).

2

1  (citations omitted).

2      Both the traditional and the "sliding scale" standards require plaintiffs seeking a temporary restraining order to establish that they are likely to suffer <u>irreparable</u> harm in the absence of the requested injunction. *Alliance for the Wild Rockies*, 632 F.3d 1134–35; *Winter*, 555 U.S. at 20–22 (rejecting an approach that permitted mere "possibility" of irreparable harm if there is a strong likelihood of success on the merits). "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citing *Rent–A–Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)). "[M]onetary injury is not normally considered irreparable." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022) (quoting *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)). Irreparable harm is harm that is immediate, rather than remote or speculative. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (The requirement of irreparable injury "cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged . . . ."); *see also Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (holding that a "speculative" injury does not constitute irreparable harm); *Nat'l Football League*, 634 F.2d at 1201 (holding that plaintiffs bear the "burden of demonstrating immediate threatened injury as a prerequisite to preliminary injunctive relief").

### III.   DISCUSSION

    The Court first addresses Plaintiff's request for a stay of the move out order. The Complaint alleges that Plaintiff's wife was injured on November 14, 2025, purportedly because of unsafe conditions in Defendants' workplace housing. (Doc. 1-2 at 6.) Plaintiff was terminated from his position with Defendant on November 25, 2025. (*Id*. at 7.) Thereafter, Defendants directed Plaintiff and his spouse to vacate workplace housing. (*Id*.) They were initially asked to vacate by December 12, but that date has been extended to December 30, 2025. (*Id*.) However, the records attached to the complaint indicate that December 30 is not an absolute deadline. A letter addressed to Plaintiff from an Aramark Human Resources Director states:

> As outlined in our communication on 11/26/2025, our standard policy allows Individuals 72 hours to *vacate* housing following termination. However, as a courtesy, we extended this period to 35 days, with a move-out date set for December 3oth. This extension is contingent upon you and your family making continuous efforts to vacate the employee housing over the next month. If further time Is required beyond 12/30, we are willing to review your situation at that time.

(Doc. 1-2 at 80.) Because Defendants have left open the possibility of voluntarily extending the move out date, any asserted injury related to the move out deadline is speculative at this time.

As to the other forms of relief requested, they all pertain to housing expenses Plaintiff has incurred or may incur in the future. These are not properly the subject of injunctive relief, which is available only for harms that cannot be redressed "at law," such as by way of an award of monetary damages should Plaintiff prevail on the merits. *Walters v. Reno*, 145 F.3d 1032, 1048 (9th Cir. 1998) ("Injunctive relief is proper only if monetary damages or other legal remedies will not compensate the plaintiffs for their injuries."). Plaintiff has not suggested there is any reason why advanced payment of these expenses by Defendants is necessary to avoid irreparable injury, and the record suggests otherwise given that an insurance claim regarding the injury has been opened (*see* Doc. 1-2 at 81). For these reasons, the Court **ORDERS**:

1. The request for a TRO (Doc. 7) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **December 19, 2025**

UNITED STATES DISTRICT JUDGE